**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANIEL ORIA, for himself and on behalf of those similarly situated,

Plaintiff,

Case No.: 2:26-CV-02859

vs.

AAA AUTO GLASS, INC., a Foreign Profit Corporation, and ROBERT GUNNELLY, Individually,

Defendants.
_________________________________/

**VERIFIED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DANIEL ORIA ("Plaintiff"), for himself and on behalf of those similarly situated, by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, AAA AUTO GLASS, INC. ("AAA"), and ROBERT GUNNELLY, ("GUNNELLY") (Collectively "DEFENDANTS"), and in support thereof states as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff arising from Defendants' recurrent and willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Defendants employed Plaintiff but failed to pay the appropriate overtime

pay in overtime weeks as required by the FLSA.

3. Defendants' practice of failing to compensate Plaintiff overtime premiums for all his hours worked over forty (40) each workweek violates the overtime provisions of the FLSA.

4. Plaintiff further brings this action to recover unpaid back wages owed to other mobile glass repair employees who worked with him for Defendants' company ("those similarly situated") within the three years preceding the date this Complaint is filed, as the result of Defendants' failure to pay all overtime wages owed.

**JURISDICTION AND VENUE**

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs.

6. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial portion of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, and Plaintiff is a resident of Lee County, Florida.

**PARTIES**

8. At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

9. At all times material to this action, Defendant AAA was, and continues to be, a Foreign Profit Corporation. Further, at all times material to this action,

Defendant AAA was, and continues to be, engaged in business in Florida, with a principal place of business in Hillsborough County, Florida.

10. At all times material hereto, AAA was an "employer" as defined by 29 U.S.C. § 201, *et seq*.

11. Based on information and belief, at all times material to this action, Defendant Gunnelly was, and continues to be, a resident of Hillsborough County, Florida.

12. Based on information and belief, Defendant Gunnelly regularly exercised the authority to: (a) hire and fire employees of AAA; (b) determine the work schedules for the employees of AAA; and (c) handle the finances and operations of AAA.

13. Further, upon information and belief, Defendant Gunnelly was directly responsible for the unlawful pay practice at issue in this action.

14. Defendant Gunnelly is an "employer" as defined by 29 U.S.C. § 201, *et seq.*

15. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

16. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

17. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

18. At all times material to this action, Defendant AAA was, and continues

to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material to this action, Defendants had numerous employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as vehicles, tools, glass, and repair equipment, which were used directly in furtherance of Defendants' commercial activity of running a vehicle glass repair and maintenance company.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. In April 2025, Defendants hired Plaintiff to work as a mobile glass repair employee. Plaintiff was employed by Defendants in this position through June 2026.

23. Plaintiff's job duties were to perform physical labor necessary to the vehicle glass repair and maintenance services that Defendants provide.

24. Between April 2025 and June 2026, in many workweeks, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

25. Specifically, Plaintiff and his co-workers generally worked over eight hours per day, and generally worked five or more days per week.

26. However, their time was later edited to show fewer hours worked.

27. For example, attached as Exhibit A is a copy of Plaintiff's original time record from March 14, 2026, to March 21, 2026, as well as a copy of the edited time record for the same period.

28. Plaintiff's original time record shows 3.82 hours worked on Saturday of that week, with 2.83 overtime hours for the week.

29. The edited time record shows 0.00 hours worked on Saturday, and only .08 hours of overtime for the week.

30. Upon information and belief, Defendant Gunnelly personally made and/or directed these edits to time.

31. Upon information and belief, including Plaintiff's conversations with other mobile glass repair employees, this practice was common to all those who worked as vehicle glass repaid employees under Defendant Gunnelly.

32. In the three years preceding the date of this Complaint, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

33. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours in a workweek, as required by the FLSA.

34. Upon information and belief, the majority of Plaintiff's pay and time records, including those that show edits to time, are in the possession of Defendants.

35. Defendants have violated Title 29 U.S.C. §207 during the term of Plaintiff's employment, in that:

a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c. Defendants failed to keep accurate time records as required by the FLSA.

36. Defendants' failure to compensate Plaintiff and those similarly situated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek was knowing or in reckless violation of the law, as Defendants knew or with reasonable diligence should have known that its manual laborers should be paid overtime premiums for overtime hours. Upon information and belief, Defendants' managers amended the time records of Plaintiff and those similarly situated to reflect fewer hours than were actually worked expressly to avoid payment of all overtime premiums owed.

37. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. The additional persons who may join this action are those similarly situated to Plaintiff, service technicians who worked over forty hours in one or more workweeks, and who were also not paid appropriate overtime wages, due to

Defendants' policies and practices described above.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the putative collective class members were all mobile glass repair employees who worked for Defendants and performed the same or similar job duties as one another in that they provided the physical labor necessary to the vehicle glass repair and maintenance services that Defendants provide.

40. Plaintiff and the putative collective class members were subjected to the same pay provisions that failed to compensate them at time and one half of the regular rate of pay for overtime hours, as a result of Defendants' common policy and practice of systematically reducing employees clocked overtime by manually editing that time to reflect fewer overtime hours than were worked.

41. Defendants' uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA's requirement to pay overtime premiums.

42. These policies and practices were applicable to Plaintiff and the putative collective members.

**Accordingly, the putative collective members are properly defined as:**

**All "mobile glass repair employees" whose un-edited time records reflect overtime hours one or more workweeks for Defendants in the three years prior to the date the Complaint in this matter was filed but who were not paid for all overtime hours.**

43. Defendants knowingly, willfully, or with reckless disregard carried out its unjust pattern or practice of failing to pay overtime wages with respect to Plaintiff and the putative collective members.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**Plaintiff for himself and on behalf of those similarly situated against Defendants**

44. Plaintiff re-alleges paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45. In the three years preceding the date of this Complaint, Plaintiff and those similarly situated worked in excess of forty (40) hours in one or more workweeks for which Plaintiff and those similarly situated were not compensated at the statutory rate of at least one and one-half times the regular rate of pay for all hours over forty worked.

46. Plaintiff and those similarly situated were, and are, entitled to be paid at the statutory rate of at least one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours.

47. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their deletion of owed overtime hours from clocked time, when they knew overtime premiums were owed for such hours.

48. Defendants failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff

and those similarly situated suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

50. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for the following relief:

A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B. An Order requiring Defendants to provide contact information for members of the class/collective sufficient to send the notice as described above;

C. An Order appointing Plaintiff as the Lead Plaintiff and his counsel as Collective Counsel to represent the interest of the putative collective;

D. An award to Plaintiff and those similarly situated overtime compensation in the amount due to them for time worked in excess of forty (40) hours in a workweek;

E. An award of an equal amount as liquidated damages on all amounts awarded under the FLSA;

F. An award of Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

G. An award of Plaintiff pre-judgment interest on any amounts as to which

liquidated damages are not awarded; and

H. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 20th of October 2026.

Respectfully Submitted,

______________________
Angeli Murthy, Esquire, B.C.S.
FBN: 088758
Morgan & Morgan, P.A
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

**VERIFICATION PAGE**

I, DANIEL ORIA, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 10/19/2026 | 4:35 PM EDT

Daniel Oria

DANIEL ORIA